UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TERRI EZELL, | ) | |
| DONNA TOMPKINS, | ) | |
| and JOAN B. WYNN, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | FILE NO. <u>4-11-cv-93</u> (CDL) |
| v. | ) | |
| | ) | |
| JOHN DARR, Individually and | ) | **JURY TRIAL DEMANDED** |
| in his Official Capacity as  Sheriff | ) | |
| of Muscogee County, the | ) | |
| COLUMBUS CONSOLIDATED | ) | |
| GOVERNMENT, ISAIAH HUGLEY, | ) | |
| Individually and in his Official Capacity as | ) | |
| City Manager of CCG, and THOMAS E. | ) | |
| BARRON, Individually and in his | ) | |
| Official Capacity as Director | ) | |
| of Human Resources for CCG, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>PLAINTIFFS' COMPLAINT</u>
## <u>FOR DAMAGES AND EQUITABLE RELIEF</u>

Plaintiffs Terri Ezell, Donna Tompkins, and Joan B. Wynn file this Complaint

against Defendants John Darr, ("Defendant Darr" or "Darr") individually and in his

official capacity as Sheriff of Muscogee County, the Columbus Consolidated

Government ("Defendant CCG"), Isaiah Hugley, individually and in his official

capacity as City Manager of CCG ("Defendant Hugley" or "Hugley"), and Thomas E. Barron, individually and in his official capacity as Director of Human Resources for CCG ("Defendant Barron" or "Barron") showing the Court the following:

## **INTRODUCTION**

1.

Plaintiffs are current employees of the Muscogee County Sheriff's Office and the Columbus Consolidated Government.  Each has been regularly and repeatedly discriminated and retaliated against by Sheriff John Darr since he was elected and took office in January 2009 because of their gender and, in the case of Plaintiffs Ezell and Tompkins, in retaliation for exercising their First Amendment rights to support Sheriff Darr's opponent in the 2008 election for Muscogee County Sheriff.

2.

This is an action for declaratory and injunctive relief and for compensatory damages and punitive damages for gender discrimination in employment and retaliation brought pursuant to the First and Fourteenth Amendments to the United States Constitution, the Equal Protection Clause of the United States Constitution, 42 U.S.C. §§ 1981, 1983, the Civil Rights Act of 1866, Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII"), and Title

I of the Civil Rights Act of 1991.

## **PARTIES**

3.

Plaintiff Terri Ezell is a resident of Columbus, Muscogee County, Georgia and

submits herself to the jurisdiction of this Court.

4.

Plaintiff Donna Tompkins is a resident of Columbus, Muscogee County,

Georgia and submits herself to the jurisdiction of this Court.

5.

Plaintiff Joan B. Wynn is a resident of Columbus, Muscogee County, Georgia

and submits herself to the jurisdiction of this Court.

6.

Defendant Columbus Consolidated Government is a municipality, i.e. a

consolidated government entity and municipal corporation sited in Muscogee County,

Georgia, organized under the laws of the State of Georgia and has employed more

than fifteen (15) persons for each working day in each of the 20 calendar weeks in the

current or preceding calendar year.  CCG is responsible for the policies, procedures,

and practices implemented through its various agencies, agents, departments, and employees, and for the injuries occasioned thereby and was the public employer of Plaintiffs and all other Defendants named herein at all times material hereto. CCG does substantial business, and maintains personnel records, in Columbus, Georgia. CCG may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedures by service on its City Manager, Isaiah Hugley at 100 10th Street, Columbus, Georgia 31901.

7.

Defendant John Darr is the Sheriff of Muscogee County. Defendant Darr may be served with process by delivering a copy of Summons and Complaint at his business address of 100 10th Street, 4th Floor, Government Center, Columbus, Georgia 31901. Defendant Darr acted in his official capacity as Sheriff at all times concerning the issues in this matter and his conduct was done under color of state and local law.

8.

Defendant Isaiah Hugley is or was at all times material hereto an employee, officer or agent of the CCG and is a person whose conduct proximately and directly harmed Plaintiffs. Defendant Hugley was the City Manager of CCG at all times

material hereto and is and has been responsible for the promulgation and implementation of employment policies, procedures, and practices in Columbus, Georgia.  Plaintiffs sue Defendant Hugley individually and, in the alternative, in his official capacity.  At all times herein, Defendant Hugley acted individually and, in the alternative, under color of state and local law.  Defendant Hugley may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedures by service at his place of business at 100 10th Street, Columbus, Georgia 31901.

9.

Defendant Thomas E. Barron is or was at all times material hereto an employee, officer or agent of the CCG and is a person whose conduct proximately and directly harmed Plaintiffs.  Defendant Barron was the Director of Human Resources for CCG at all times material hereto and is and has been responsible for the promulgation and implementation of employment policies, procedures, and practices in Columbus, Georgia.  Plaintiffs sue Defendant Barron individually and, in the alternative, in his official capacity.  At all times herein, Defendant Barron acted individually and, in the alternative, under color of state and local law.  Defendant Barron may be served with process pursuant to Rule 4 of the Federal Rules of Civil

Procedures by service at his place of business at 100 10th Street, Columbus, Georgia 31901.

10.

At all times material hereto Defendants acted toward Plaintiffs individually and, in the alternative, under color of the statutes, ordinances, customs, and usage of the State of Georgia, the Columbus Consolidated Government, and the City of Columbus, Georgia.   All of the conduct complained of herein was conducted individually and, in the alternative, according to the policy and custom of CCG and accomplished under color of state and local law.

## **JURISDICTION AND VENUE**

11.

Plaintiffs bring this action pursuant to the Equal Protection Clause of the United States Constitution and 42 U.S.C. § 1983.  Plaintiffs Ezell and Tompkins also bring this action pursuant to the First Amendment to the United States Constitution. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. §1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

12.

The unlawful violations of Plaintiffs' civil rights were committed within the

Middle District of Georgia. Venue is proper in this Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), as every act of which Plaintiffs complain occurred in the Columbus Division of the United States District Court for the Middle District of Georgia.

13.

Defendants CCG's, Darr's, Barron's and Hugley's conduct was done under color of state and local law.  All of Defendants' discriminatory and retaliatory conduct described herein was accomplished pursuant to official policy and custom of Columbus Consolidated Government and the Muscogee County Sheriff's Office or was committed or authorized by officials whose acts can be fairly deemed to be the actions and official policy and customs of Defendants CCG and the Muscogee County Sheriff's Office.

14.

Defendant Darr's conduct violated clearly established statutory or constitutional rights of which any reasonable person would have known.

15.

Defendant Hugley's conduct violated clearly established statutory or constitutional rights of which any reasonable person would have known.

16.

Defendant Barron's conduct violated clearly established statutory or constitutional rights of which any reasonable person would have known.

17.

The acts at issue were taken with intent to discriminate by policymakers, in accordance with customs, policies and practices promulgated by Darr, Hugley, Barron, and/or the governing body of the Columbus Consolidated Government.

## ADMINISTRATIVE PROCEEDINGS

18.

Plaintiffs filed timely charges of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") encompassing all of the discriminatory and retaliatory conduct that is the subject of this Complaint.  Each of these charges remains pending with the EEOC.  Upon receipt of a Notice of Right to Sue from the EEOC, Plaintiffs will seek to amend this Complaint to add their Title VII claims.

19.

Plaintiff Ezell filed a Charge of Discrimination with the Equal Employment Opportunity Commission on September 28, 2010 based on sex and age

discrimination and retaliation.

20.

Plaintiff Wynn filed a Charge of Discrimination with the Equal Employment Opportunity Commission on September 28, 2010 based on sex discrimination.

21.

Plaintiff Tompkins filed a Charge of Discrimination with the Equal Employment Opportunity Commission on September 28, 2010 based on sex discrimination and retaliation.

## FACTS

22.

Sheriff Darr was elected Sheriff of Muscogee County, Georgia in November 2008. On November 18, 2008 Darr asked for an opinion from the City Attorney's Office as to what, if any, effect the placement of employees by a former Sheriff into the Columbus Merit System has on the personnel decisions of a newly elected Sheriff.

23.

Darr ran for election in 2008 against former Sheriff Ralph Johnson.

24.

Since taking office in January 2009, Sheriff Darr has regularly and repeatedly discriminated against female sworn officers and created a glass ceiling making it difficult, if not impossible, for women to get promoted.

25.

Sheriff Darr took these discriminatory actions with knowledge and approval of Defendants CCG, Hugley, and Barron.

26.

When Sheriff Darr took office in January 2009, he made thirteen immediate promotions.  All of the promotions were given to males.

27.

The highest ranking female, Plaintiff Ezell was reassigned and went from being the Commander of the Muscogee County Jail with 235+ employees to supervising 12 - 14 full time employees.

28.

Many of the ranking positions were double slotted by the Columbus Consolidated Government to enable Sheriff Darr to make the initial 13 promotions.

29.

Plaintiffs Ezell and Tompkins positions were eliminated and yet newly promoted males hold their ranks and are in their former positions.

30.

During the twenty-one (21) months following Darr's election, there have been a total of twenty-three (23) promotions made at the Muscogee County Sheriff's Office.  Out of the twenty-three 23 promotions, only one has been female and she was promoted to Sergeant, the lowest of the ranked positions.

31.

Prior to the election of Defendant Darr, there were three female lieutenants. Under Sheriff Darr, there are no females at the Command Level – no captains, no majors, no commanders, and no chiefs.

32.

The number of females holding one of the higher ranks is now two out of a total of eighteen (18) or approximately 11%.  The rank of Corporal is job specific and is a ranking that does not stay with an individual if they are reassigned.

**Plaintiff Terri Ezell**

33.

Plaintiff Terri Ezell has been employed with the Muscogee County Sheriff's Office since November 1983.  She was demoted in or around May 2009.

34.

Plaintiff Ezell supported Mr. Johnson in his re-election campaign to the extent that she had a yard sign on her lawn, visited the campaign headquarters and was at his headquarters the night of the election.

35.

Prior to being demoted, Plaintiff Ezell held the position of Commander (Warden) of the Muscogee County Jail and was third in command in the Muscogee County Sheriff's Department until January 29, 2009.

36.

Immediately prior to Darr assuming office, Defendants reassigned Ezell to the night shift in her role as Commander of the jail.

37.

On January 2, 2009, immediately upon Darr assuming his duties as the newly elected Sheriff, Plaintiff Ezell was moved from her position as Commander of the Muscogee County Jail and placed in charge of Recorder's Court.

38.

As of April 1, 2010, the Recorder's Court was moved from the control of the Sheriff's Department and placed under the control of the City Manager's Office. Since that date, Plaintiff Ezell no longer reports to the Sheriff's Department but is paid by the Sheriff's Department.

39.

On May 1, 2010 Plaintiff Ezell was demoted.  She was told by her new supervisor, Assistant City Manager Lisa Goodwin, that Sheriff Darr wanted her out of uniform and she was to dress in civilian clothes going forward.  Plaintiff Ezell was no longer permitted to carry a service weapon.

40.

In July 2010 Ms. Goodwin hired a male in his 30s in the position of Court Administrator.  Plaintiff Ezell was told by Ms. Goodwin that she hired Stanley Gordon to replace Ms. Ezell when she "quit or retired."

41.

Ms. Goodwin has stated that Plaintiff Ezell retains her arrest powers under the Sheriff's Office and her certification as a Peace Officer but she can no longer wear the Sheriff's Office uniform nor carry a gun.

42.

This has impacted Plaintiff Ezell's ability to work a part-time job as an off-duty law enforcement officer and, therefore, has impacted her earning capacity.

### Plaintiff Donna Tompkins

43.

Plaintiff Tompkins has been employed with the Muscogee County Sheriff's Office since November 1, 1984.

44.

Plaintiff Tompkins supported Defendant Darr's opponent, former Sheriff Ralph Johnson in the 2008 election and attended town hall meetings where the candidates held debates.

45.

On December 29, 2008, Plaintiff Tompkins received a memo from the Director of Human Resources for the Columbus Consolidated Government telling her that incoming Sheriff John Darr was eliminating her position as the Lieutenant of Internal Affairs/Professional Standards and she would be given a new assignment.

46.

At the time, Lt. Tompkins was the first female ever to hold the rank of

Lieutenant outside of the Muscogee County Jail.

47.

On January 5, 2009 Sheriff Darr informed her that she would be transferred to the jail and serve as a squad commander.

48.

Plaintiff Tompkins was placed on a special 10 week detail to destroy records based on retention schedules.  None of the male Lieutenants were pulled from their squads to work such assignments.

49.

Approximately six months after telling Plaintiff Tompkins that her position had been eliminated, Major Troy Culpepper was placed in Plaintiff Tompkins' former position as head of Internal Affairs/Professional Standards.

50.

Plaintiff Donna Tompkins is currently employed as a Lt. Squad Commander and was denied a promotion to Captain on April 14, 2010 and a significantly lesser qualified male was selected for the position for which Plaintiff applied.

51.

During the last promotional process, there were four eligible candidates for the

rank of Captain and three of the four (Plaintiffs Tompkins and Wynn as well as Lt.

Bill Drury) possessed Master's Degrees.  Additionally Plaintiffs Tompkins and Wynn

are Georgia Law Enforcement Command College graduates, which is an executive

level law enforcement training program.  The fourth candidate, Lt. Charles Shafer, a

high school graduate with no college degree or executive level training, was given the

promotion to Captain.

52.

On April 21, 2010 Plaintiff Tompkins visited Plaintiff Ezell at Recorder's

Court which is adjacent to the jail.

53.

Sgt. Bob Trombley witnessed her having a conversation with Ezell.

54.

Approximately three hours later Tompkins was told by Captain Larry

Mitchell that she could only be at the Recorder's Court if she had official business

to be there.

55.

No others, regardless of rank, were told to stay away from Recorder's Court.

-16-

**Plaintiff Joan Wynn**

56.

Plaintiff Joan B. Wynn has been employed with the Muscogee County Sheriff's Office since Dec 19, 1994.

57.

Plaintiff Wynn is the fourth female in the department's history to be promoted to the rank of Lieutenant in November 2002.

58.

Shortly after the election, Sheriff Darr telephoned Plaintiff Wynn at her home and explained changes he was implementing and told her he planned to promote her to Captain upon the retirement of Captain Leroy Mills in December 2009.

59.

Shortly thereafter Wynn saw Commander Dan Collins who had been promoted from Lieutenant to Commander of the Muscogee County Jail. Commander Collins told her he guessed she knew she would be made Captain when Captain Mills retired.

60.

Plaintiff Wynn was placed on a 10 week special detail assignment to complete a reference guide on what the Jail's Administrative office did as well as a reference book on how tasks in the Jail's Booking section were completed.  None of the male Lieutenants were pulled from their squads for 10 weeks to work such assignments.

62.

Plaintiff Joan Wynn is currently employed as a Lt. Squad Commander and was denied a promotion to Captain on April 14, 2010 and a significantly less qualified male (Charles Shafer) was selected for the position.

62.

Plaintiff Wynn applied and interviewed for the Captain position but it was awarded to Lt. Shafer.

63.

During the last promotional process, there were four eligible candidates for rank of Captain and three of the four (Plaintiffs Tompkins and Wynn as well as Lt. Bill Drury) possessed Master's Degrees.  Additionally Plaintiffs Tompkins and Wynn are Georgia Law Enforcement Command College graduates, which is an executive level law enforcement training program.  The fourth candidate, Lt. Charles Shafer, a

high school graduate with no college degree or executive level training, was given the promotion to Captain.

64.

Plaintiff Wynn has had to perform the duties of the Captain because the male selected for the position is unable to perform the job.

65.

Two days prior to the promotional announcement, Commander Collins approached Wynn and told her she would be staying in the front office, would not be returned to her squad and would work 8 hour days, Monday through Friday only.  He indicated this was to be her "consolation prize."

66.

Prior to Lt. Shafer's promotion to Captain, Plaintiff Wynn had a squad which she supervised.  As part of the "consolation prize" she was removed from her squad and placed under Shafer's command.

67.

With this change from rotating shifts, Plaintiff Wynn has lost 8 hours of overtime pay which is built into the rotating shift scheduling.

68.

Plaintiff Wynn was next moved from the Jail to the Sheriff's Office to replace Lt. Anthony who was moved to the jail in her former position.

69.

On April 7, 2011 Wynn was told by Defendant Darr in a meeting with him and Major Robertson that she was being relocated to the office to handle the departmental budget and a large range of responsibilities that exceeded the duties performed by Lt. Anthony when he held the position.  The timing of the change in assignments was difficult as it was nearing the end of the fiscal year, Wynn had a GCIC audit to complete and training was limited.

70.

During the GCIC audit, Plaintiff Wynn learned that Captain Tew (to whom she reported) was being reassigned and she would no longer have a Captain in her chain of command.  Wynn was to report directly to Major Robertson.

71.

Plaintiff Wynn was then moved to an office at the end of a hallway and next to Major Robertson.  Defendant Darr's office is next to Major Robertson.  Wynn cannot leave her office for any reason without passing by Defendant Darr's door.

72.

Plaintiff Wynn's office location was done to cause her distress and discomfort and to ensure that she is distanced from Plaintiffs Ezell and Tompkins.

## CLAIMS FOR RELIEF

### COUNT I
### Gender Discrimination in Violation of the Equal Protection Clause of the United States Constitution Through 42 U.S.C. § 1983
**(By All Plaintiffs Against All Defendants)**

73.

All preceding paragraphs are incorporated herein by reference.

74.

Plaintiffs are members of a protected class, and were denied equal promotional opportunities and compensation opportunities by Defendants because of their sex.

75.

Plaintiff Ezell is a member of a protected class, and was demoted by Defendants because of her sex.

76.

The employment relationship between Plaintiffs and Defendants gives rise to a cause of action for gender discrimination.

77.

Defendants CCG and Sheriff John Darr, in his official capacity, are governmental entities subject to the Fourteenth Amendment as applied through 42 U.S.C. §1983, and each is a "person" as defined by relevant case law interpreting 42 U.S.C. §1983.

78.

Defendants' gender discrimination against Plaintiffs violates the Equal Protection Clause of the Fourteenth Amendment, thus entitling Plaintiff to all appropriate relief provided under 42 U.S.C. §1983.

79.

Defendants implemented policies and customs that discriminated on the basis of gender, and that therefore violate Plaintiffs' rights under the Fourteenth Amendment to the U.S. Constitution, enforced via 42 U.S.C. §1983.

80.

Defendants discriminated against Plaintiffs Tompkins and Wynn on the basis of their sex by failing to promote them and denying them compensation opportunities provided to similarly situated male employees as part of a larger scheme, policy and practice of discrimination on the basis of sex.

81.

Defendants discriminated against Plaintiff Ezell on the basis of her sex by demoting her and denying her compensation opportunities provided to similarly situated male employees as part of a larger scheme, policy and practice of discrimination on the basis of sex.

82.

Defendants took these actions as part of an unofficial government policy or custom which discriminates against female employees.

83.

Defendants did so in violation of clearly established constitutional and statutory authority that such actions are a violation of the law.

84.

Defendants took these actions with knowledge that they were in clear violation of constitutional and federal statutory law.

85.

Defendant Darr, acting under color of law, used his authority over Plaintiffs to carry out illegal gender discrimination against Plaintiffs.

86.

At all relevant times, Defendant Darr was Sheriff of Muscogee County and

used his position to implement and carry out a custom, policy and procedure of discrimination on the basis of gender.

87.

Defendant Hugley, acting under color of law, used his authority over Plaintiffs to carry out illegal gender discrimination against Plaintiffs.

88.

At all relevant times, Defendant Hugley was CCG City Manager and used his position to implement and carry out a custom, policy and procedure of discrimination on the basis of gender.

89.

Defendant Barron, acting under color of law, used his authority over Plaintiffs to carry out illegal gender discrimination against Plaintiffs.

90.

At all relevant times, Defendant Barron was CCG Director of Human Resources and used his position to implement and carry out a custom, policy and procedure of discrimination on the basis of gender.

91.

The conduct of Defendants in discriminating against Plaintiffs because of

their sex violates Plaintiffs' right to the equal protection of the laws as granted by the Fourteenth Amendment to the United States Constitution.

92.

Defendants proximately caused this violation of Plaintiffs' rights and so acted under color of the state law and local ordinances, regulations, customs, and usages of CCG and the Muscogee County Sheriff's Office in violation of 42 U.S.C. § 1983.

93.

Defendants' actions were willful, wanton, and intentionally directed to harm Plaintiffs.

94.

Defendants' actions were reckless and were taken in willful disregard of the probable consequences of their actions.

95.

As a result of Defendants' conduct, Plaintiffs have suffered lost wages and benefits and have suffered mental and emotional distress.

96.

Plaintiffs were damaged by Defendants' actions in an amount to be proven at

trial.

## **COUNT II**
Retaliation in Violation of the First Amendment to the United States Constitution
(By Plaintiffs Ezell and Tompkins Against All Defendants)

97.

All preceding paragraphs are incorporated herein by reference.

98.

Defendants' actions have deprived Plaintiffs Ezell and Tompkins of their right to freedom of speech and association as guaranteed by the First Amendment to the Constitution of the United States.

99.

This violation of rights was proximately caused by Defendants who were acting under color of state law, and local ordinances, regulations, customs or usages of the Muscogee County Sheriff's Office and the Columbus Consolidated Government in violation of 42 U.S.C. § 1983.

100.

As a direct and proximate result of Defendants' actions against Plaintiffs Ezell and Tompkins, they have been damaged and are entitled to the relief set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand a **TRIAL BY JURY** and that the following relief be granted:

A.     That this Court take jurisdiction of this matter;

B.     That process be served;

C.     That Plaintiffs be awarded a declaratory judgment that Defendants violated 42 U.S.C. § 1983;

D.     That this Court enter a permanent injunction, prohibiting Defendants from engaging in unlawful employment practices in violation of 42 U.S.C. § 1983;

E.     That the Court award Plaintiff back pay and front pay in an amount to be determined at the trial of this case;

F.     That the Court award compensatory damages in an amount to be determined by the trier of fact;

G.     That the Court award Plaintiffs punitive damages against Defendants in an amount to be determined by the trier of fact;

H.     That the Court award Plaintiffs their costs in this action and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k) and other applicable laws;

I.      That the Court grant to Plaintiffs the right to have a trial by jury on all issues triable to a jury; and

J.      That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this 15th day of July, 2011,


                                        s/Cheryl B. Legare
                                        Cheryl B. Legare
                                        Georgia Bar No. 038553
                                        cblegare@buckleyklein.com
                                        Edward D. Buckley
                                        Georgia Bar No. 092750
                                        edbuckley@buckleyklein.com

BUCKLEY & KLEIN, LLP
Promenade II Suite 900
1230 Peachtree Street NW
Atlanta, Georgia 30309
Telephone:  (404) 781-1100
Facsimile:  (404) 781-1101
Counsel for Plaintiffs