IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| TERRI EZELL, et al., | * |
| Plaintiffs, | * |
| vs. | * |
| | CASE NO. 4:11-CV-93 (CDL) |
| JOHN DARR, et al., | * |
| Defendants. | * |

O R D E R

Plaintiffs Terri Ezell ("Ezell") and Donna Tompkins ("Tompkins"), who are present employees of the Muscogee County Sheriff's Office, allege that Defendant Sheriff John Darr ("Sheriff Darr" or "Sheriff-elect Darr") retaliated against them because they had supported Sheriff Darr's opponent, former Sheriff Ralph Johnson ("Sheriff Johnson"), in the 2008 election in which Sheriff Darr defeated former Sheriff Johnson. As a result of that alleged retaliation, Ezell and Tompkins have filed this action asserting claims pursuant to 42 U.S.C. § 1983 that Defendants' alleged retaliatory conduct violated Plaintiffs' First Amendment rights.[1] Defendants filed a Motion to Strike (ECF No. 10), which presents the narrow issue of whether the following paragraph in Plaintiffs' Complaint should

---

[1] Plaintiffs Ezell, Tompkins, and Joan B. Wynn also assert other claims in this action which are not relevant to the pending motion.

be stricken because it improperly invades the attorney-client privilege:

> Sheriff Darr was elected Sheriff of Muscogee County, Georgia in November 2008.  On November 18, 2008 Darr asked for an opinion from the City Attorney's Office as to what, if any, effect the placement of employees by a former Sheriff into the Columbus Merit System has on the personnel decisions of a newly elected Sheriff.

Compl. ¶ 22, ECF No. 1.

This allegation is apparently based on a disclosure of the information to Tompkins by Sheriff Johnson after the election, but while he was still the duly elected Sheriff, and before Sheriff-elect Darr was sworn in to office.  Defendants maintain that the allegation should be stricken because requiring Defendants to respond to it would invade the attorney-client privilege.  *See generally* Defs.' Mot. to Strike, ECF No. 10. The Court rejects Defendants' argument.  Defendant Darr was not a client of the City Attorney in his individual capacity when he sought the legal advice as Sheriff-elect in November 2008. Therefore, Sheriff-elect Darr's inquiry is not protected by the attorney-client privilege.  Moreover, to the extent that Sheriff-elect Darr made the inquiry on behalf of the Muscogee County Sheriff's Office, which was a client of the City Attorney in November 2008, the Court finds that the communication was disclosed by Sheriff Johnson, who was still the Sheriff at that time.  Thus, any attorney-client privilege as to the inquiry was

lost upon that disclosure. Accordingly, Defendants' Motion to Strike (ECF No. 10) is denied.

BACKGROUND

Sheriff Darr defeated incumbent Muscogee County Sheriff Johnson in the November 2008 election. Ezell and Tompkins, who were employees of the Muscogee County Sheriff's Office during Sheriff Johnson's tenure, had allegedly supported him during his reelection campaign. After Sheriff Darr became Sheriff in January 2009, Ezell and Tompkins contend that he retaliated against them because of their previous support of former Sheriff Johnson.

In support of their Motion to Strike the paragraph regarding Sheriff-elect Darr's inquiry to the City Attorney, Defendants submit the affidavit of Sheriff Darr. Sheriff Darr states he believed that all of his post-election communications with the City Attorney's Office seeking legal advice, including discussions about employment decisions, would be protected by the attorney-client privilege. Defs.' Mot. to Strike Attach. 1, Darr Aff. ¶ 3, ECF No. 10-1. All of Sheriff Darr's communications with the City Attorney's Office occurred either over the phone or in the office, and he intended the communications to remain confidential. *Id.* ¶ 4.

Although Sheriff Darr had been elected Sheriff in November 2008 when the communications at issue took place, Sheriff

Johnson was still the Sheriff for Muscogee County at that time. Pls.' Resp. in Opp'n to Defs.' Mot. to Strike Attach. 1, Tompkins Decl. ¶ 3, ECF No. 17-1.  While still holding the position of Sheriff, Sheriff Johnson learned about Sheriff-elect Darr's inquiry to the City Attorney.  Sheriff Johnson disclosed this inquiry to Tompkins and several other employees who had supported him in the election.  *Id.*  Sheriff Johnson told them that Sheriff-elect Darr asked the City Attorney's Office what, if any, effect Sheriff Johnson's placement of the employees into the Columbus Merit System would have on Sheriff-elect Darr's personnel decisions.  *Id.*  Sheriff Johnson also told them that Sheriff-elect Darr sought a legal opinion about demoting them. *Id.* ¶ 4.  According to Tompkins, Sheriff Johnson said Sheriff-elect Darr was "coming after" them.  *Id.*  ¶ 5.  Sheriff Johnson said, "this is my Sheriff's Office, you are my employees, and this affects all of you."  *Id.* ¶ 6.

## DISCUSSION

Defendants contend that to comply with Federal Rule of Civil Procedure 8(b)(1)(B), which requires them to admit or deny the allegations asserted against them in Plaintiffs' Complaint, they must admit or deny whether the communications between Sheriff Darr and the City Attorney's Office occurred. Defendants argue that under Federal Rule of Civil Procedure 12(f), the Court should strike the allegation from the Complaint

4

because the communications are protected by the attorney-client privilege, and therefore the allegation constitutes an "immaterial, impertinent, or scandalous matter."

"The party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential." *Bogle v. McClure*, 332 F.3d 1347, 1358 (11th Cir. 2003) (internal quotation marks omitted). Preliminarily, the Court finds that Defendants have failed to establish that an attorney-client relationship existed between Sheriff-elect Darr and the City Attorney's Office in November 2008, which was prior to the date that Sheriff-elect Darr was sworn in and became the Sheriff of Muscogee County. Consequently, the communications at issue are not protected by any attorney-client privilege that may arise from the City Attorney's discussions with Sheriff-elect Darr in his individual capacity. To the extent that the communications were made as part of the City Attorney's representation of the Office of the Sheriff and not Sheriff-elect Darr individually, the Court finds that any privilege that may have attached to those communications was lost when Sheriff Johnson, while serving as the duly elected Sheriff, disclosed them to Tompkins and others.

It is well established that "where attorney-client communications are no longer confidential, i.e., where there has

5

been a disclosure of a privileged communication, there is no justification for retaining the privilege." *United States v. Suarez*, 820 F.2d 1158, 1160 (11th Cir. 1987). To establish the confidentiality of a privileged communication, the party asserting the privilege must show the communication was "(1) intended to remain confidential *and* (2) under the circumstances was *reasonably* expected and understood to be confidential." *Bogle*, 332 F.3d at 1358 (internal quotation marks omitted).

Plaintiffs argue that the communications alleged in Paragraph 22 of the Complaint are no longer confidential because Sheriff Johnson disclosed the contents of the communications to Tompkins.  The Court agrees.  Sheriff Johnson disclosed the communications to Tompkins and did not indicate to her any intent for the communications to remain confidential. Moreover, at the time Sheriff Johnson disclosed the communications, control of the Muscogee County Sheriff's Office still rested with him and had yet to pass to Sheriff Darr.  Thus, Sheriff Johnson retained the power to waive the attorney-client privilege by disclosing Sheriff-elect Darr's communications with the City Attorney's Office.  *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985) ("[T]he power to waive the corporate attorney-client privilege rests with the corporation's management.").  Under these circumstances, the

6

Court cannot conclude that Defendants have carried their burden of demonstrating that the communications remained confidential.

Defendants also argue that even if Sheriff Johnson did not intend for the communications to remain confidential, the fact that his disclosure was limited to employees of the Sheriff's Office requires that the communications retain their privileged nature. Defendants' reliance upon *Upjohn Co. v. United States*, 449 U.S. 383 (1981) in support of this argument is misplaced. It is true that disclosures of privileged information to and from an employer's counsel involving middle and lower level employees can be subject to the attorney-client privilege under certain circumstances; however, Defendants' attempt to extend *Upjohn* to protect all disclosures made to an employee by that employee's superior simply because the disclosure may relate to communications with counsel reveals a misunderstanding of *Upjohn*. In *Upjohn*, the Supreme Court rejected the "control group" test for determining whether communications between corporate counsel and the employees of a corporation are protected by the attorney-client privilege. *See Upjohn,* 449 U.S. at 390-95 (discussing the reasons why the control group test frustrated the purpose of the attorney-client privilege). The Supreme Court concluded that communications between middle and lower level employees and corporate counsel for the purpose of securing legal advice can be covered by the attorney-client

7

privilege.  *Id.* at 394-95.  Unlike in *Upjohn,* Tompkins and the other employees here did not make disclosures to counsel as directed by their superiors.  Instead, their superior, Sheriff Johnson, made the disclosure of this information to them in their individual capacities presumably because he felt they deserved a heads up that their jobs may be in jeopardy.  Moreover, nothing about the disclosure of the information by Sheriff Johnson to Tompkins and the other employees indicates that it had anything to do with their obtaining legal advice from the City Attorney.[2]  The mere fact that Sheriff Johnson disclosed the communications to another Sheriff's Office employee does not cloak those communications with the attorney-client privilege under the rationale of *Upjohn*.

In summary, Defendants have not demonstrated that an attorney-client relationship existed between Sheriff-elect Darr in his individual capacity and the City Attorney's Office when he made the inquiry alleged in Paragraph 22 of Plaintiff's Complaint.  Furthermore, to the extent that the inquiry sought

---

[2] The additional authority cited by Defendants, *Eglin Federal Credit Union v. Cantor, Fitzgerald Securities, Corp.*, 91 F.R.D. 414 (N.D. Ga. 1981), is also distinguishable for this reason.  In *Eglin Federal Credit Union*, the court found that the attorney-client privilege had not been waived where employees outside of the control group attended meetings discussing potential or pending litigation because corporate counsel needed information known by the employees to provide legal advice.  *Eglin Fed. Credit Union*, 91 F.R.D. at 418.  In contrast, Sheriff Johnson's disclosure does not demonstrate that he wanted to gather information from Tompkins or the other employees to get legal advice from the City Attorney.

legal advice on behalf of the Sheriff's Office and not Sheriff Darr individually, the present record establishes that Sheriff Johnson, while acting as the duly elected Sheriff, disclosed the inquiry referred to in Paragraph 22, and thus any privilege that may have originally attached to the inquiry was lost upon Sheriff Johnson's subsequent disclosure.  For all of these reasons, the Court finds that requiring Defendants to respond to Paragraph 22 of Plaintiff's Complaint does not improperly invade the attorney-client privilege.

Defendants also contend that even if the Court finds that Defendants waived the attorney-client privilege, the Court should strike the allegation because it is immaterial, impertinent, scandalous, and unfairly prejudicial.  First, the allegation that Sheriff Darr asked the City Attorney's Office what effect a former Sheriff's placement of employees into the Columbus Merit System had on an incoming Sheriff's personnel decisions is not immaterial to this action because Tompkins and Ezell claim that Sheriff Darr retaliated against them for supporting Sheriff Johnson by demoting them.  Thus, the Court cannot conclude that the allegation has no possible relation to the controversy.  Defendants claim the allegation is impertinent and potentially scandalous "insofar as it begs the question of what advice was given," and the "jury and the public should not be permitted to learn the subject matters about which the

9

incoming Sheriff sought legal counsel." Defs.' Reply in Supp. of Mot. to Strike 3-4, ECF No. 18. Pretermitting whether Plaintiffs will eventually be entitled to discover the full response made by the City Attorney to Sheriff-elect Darr's inquiry, the Court has found that the alleged fact that he made the inquiry is not protected by attorney-client privilege and is sufficiently relevant such that the allegation should not be stricken from Plaintiff's Complaint.[3]

## CONCLUSION

Based on the foregoing, Defendants' Motion to Strike (ECF No. 10) is denied.

IT IS SO ORDERED, this 17th day of January, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[3] The Court observes that Sheriff Darr's current predicament could have easily been avoided either by waiting to obtain legal advice in his capacity as Sheriff until after he officially became Sheriff or by establishing an individual attorney-client relationship with an attorney from whom he sought legal advice prior to becoming Sheriff.

10