```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

TERRI EZELL, DONNA TOMPKINS and   *
JOAN B. WYNN,
                                  *
     Plaintiffs,
                                  *
vs.
                                  *      CASE NO. 4:11-CV-93 (CDL)
JOHN DARR, Individually and in
his Official Capacity as          *
Sheriff of Muscogee County, and
COLUMBUS CONSOLIDATED             *
GOVERNMENT,
                                  *
     Defendants.
                                  *
```

JUDGMENT

Pursuant to the jury verdict dated September 18, 2013 (ECF No. 103) and the Court's Orders dated June 12, 2013 (ECF No. 72) and November 27, 2013 (ECF No. 121), judgment is entered as follows:

I.   CLAIMS OF DONNA TOMPKINS

A.

In favor of Donna Tompkins on her gender discrimination failure to promote claim as follows:

(1) Lt. Tompkins shall be promoted to the rank of captain in the Muscogee County Sheriff's Office by July 1, 2016 or within thirty days of the next captain vacancy, whichever occurs first, and she shall receive going forward from the date of her promotion the same level of compensation and

benefits that she would have received had she been promoted to the captain position that is the subject of the present action.

(2) Lt. Tompkins shall receive front pay and benefits from July 1, 2014 until the date she is promoted to captain at the same level of compensation and benefits that she would have received had she been promoted to the captain position that is the subject of the present action.

(3) Lt. Tompkins, as a prevailing party in this action, shall recover her attorneys' fees and expenses in the amount of $271,974.87 from the Columbus Consolidated Government.

(4) The Court retains jurisdiction over this matter for purposes of enforcing the injunctive and equitable relief granted today.

B.

In favor of Defendants as to Donna Tompkins's First Amendment and gender-based demotion/transfer claims. Given that Plaintiff Tompkins was otherwise a prevailing party in this litigation, the Court finds that the parties shall bear their own costs as to these other unsuccessful claims asserted by her.

II.  CLAIM OF JOAN B. WYNN

In favor of Defendants as to Joan B. Wynn's claim. Plaintiff Wynn shall recover nothing from Defendants. Given that Wynn did partially prevail on her claim by convincing the

jury that she had been subjected to unlawful discrimination, the Court finds that the parties shall bear their own costs as to this claim.

### III.  CLAIMS OF TERRI EZELL

In favor of Defendants as to Terri Ezell's First Amendment and gender-based demotion/transfer claims.  Plaintiff Ezell shall recover nothing from Defendants.  Defendants are entitled to recover their costs as to these claims pursuant to Federal Rule of Civil Procedure 54.

This 27th day of November, 2013.

                                      s/Clay D. Land
                                      CLAY D. LAND
                                      UNITED STATES DISTRICT JUDGE